IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3286-FL

| | | |
|---|---|---|
| ANTWAN DANIELS, JAMES C. WILLIS, EDRON C. LEWIS, and MELTON M. MELVIN, | ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| PRENTICE BENSTON, RODNEY HESTER, BENNY LENNON, PHIL CORBETT, and DONNIE ALMAN, | ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983. The matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are the motions to be added as a member of the class action filed by non-parties Fredrick Riggins (DE 13), Jason Hall (DE 14), and Sentell W. Tatum (DE 15). Finally before the court are plaintiff Melton M. Melvin's ("Melvin") motions to amend (DE 16, 27). In this posture, the issues raised are ripe for adjudication.

The court begins with Melvin's motions to amend the complaint. Melvin's first motion to amend is ALLOWED as a matter of course. Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013) ("[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend. The plaintiff's right to amend once is absolute.") (quotation omitted). As discussed infra, the court in this order dismisses Melvin's action without prejudice and permits him the opportunity to file a separate action. Thus, Melvin's second motion to amend is DENIED

as futile.  See Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013) (citing Laber v. Harvey, 438 f.3d 404, 426-27 (4th Cir. 2006)).

The court next considers whether plaintiff Daniels should be permitted to bring this action as a class action on behalf of himself as well as plaintiffs James C. Willis ("Willis"), Edron C. Lewis ("Lewis"), and Melton M. Melvin ("Melvin").[1]  The Fourth Circuit Court of Appeals does not allow for certification of a class where a *pro se* litigant will act as a representative of that class because it is plain error for a *pro se* litigant to represent other inmates in a class action.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam); see also, Bedell v. Angelone, No. 2:01CV780, 2003 WL 24054709, * 2 (E.D. Va. Oct. 3, 2003), aff'd 87 F. App'x 323 (4th Cir. 2004).  Because plaintiff Daniels is proceeding *pro se*, he may not bring this action on behalf of other inmates in the form of a class action.  See id.  Because the court has determined that plaintiff may not proceed with this action as a class action, the motions to be added as a member of the class filed by Fredrick Riggins, Jason Hall, and Sentell W. Tatum are DENIED as MOOT.

The court now examines whether plaintiff Daniels' joinder of plaintiffs Willis, Lewis, and Melvin is appropriate in this action.  Federal Rule of Civil Procedure 20 provides that persons may be joined as a plaintiff when:

>     (A)  they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>     (B)  any question of law or fact common to all plaintiffs will arise in the action.

---

[1] Plaintiff Daniels has not formally moved the court to bring this action as a class action. However, inmates Fredrick Riggins, Jason Hall, and Sentell W. Tatum have filed motions to be "added as a member of the [] class action."  See (DE 13, 14, 15).

F.R. Civ. P. 20(a)(1)(A) and (B). A claim arises from the same transaction or occurrence as another claim where the two claims are "reasonably related." Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983). In the case of misjoinder, Federal Rule of Civil Procedure 21 allows a court to correct the defect by adding or dropping a party or severing any claims against a party. See F. R. Civ. P. 21. The court may exercise its authority to correct a misjoinder at any time. Id.

Here, each plaintiff alleges a § 1983 claim arising out of defendants' alleged deliberate indifference to their medical care in violation of the Fourteenth Amendment of the United States Constitution. Although each plaintiff alleges that defendants violated their Fourteenth Amendment rights, the facts and circumstances surrounding each plaintiff's claim are different and involve separate and distinct instances of alleged inadequate medical care. For instance, Daniels contends that defendants acted with deliberate indifference to his dislocated shoulder, whereas Willis' medical claims relate to treatment for his diabetes, migraine headaches, asthma and bronchitis, as well as neck and back pain. Lewis' Fourteenth Amendment claims arise out of his treatment for several mental health conditions, as well as diabetes, migraine headaches, high blood pressure, and neck and back pain. Plaintiffs also generally allege that the prison conditions at the Bladen County Detention Center violated the Fourteenth Amendment, but it is unclear how each of the alleged conditions violated each of the plaintiff's individual constitutional rights. Based upon the foregoing, the court finds that plaintiffs' claims are not reasonably related enough to constitute the same transaction or occurrence.

The court, additionally, notes that allowing plaintiffs to proceed collectively could create difficulties with respect to joint litigation, such as the need for all plaintiffs to sign pleadings, the

3

Case 5:13-ct-03286-FL   Document 28   Filed 07/11/14   Page 3 of 6

need for joint plaintiffs to meet, and the transitory nature of prison populations.[2] See Harris v. Barnes, No. 1:09-CV-726, 2009 WL 3585259, at *1 (M.D.N.C. Oct. 26, 2009). Based upon the foregoing, the court finds that joint litigation is not appropriate in this case and orders that the claims of plaintiffs Willis, Lewis, and Melvin are DISMISSED from this action without prejudice. See Fed. R. Civ. P 21. The court DIRECTS the Clerk of Court to mail these individuals a *pro se* packet, and informs these individuals that if they choose to file an individual complaint in this court, they shall each individually do so in a separate action only for themselves, and will not be permitted to proceed collectively with or on behalf of anyone else. See Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005) ("While Myers had the authority to litigate his own claim [], we conclude . . . that Myers did not have the authority to litigate his children's claims []."); Lescs v. Martinsburg Police Department, 138 F. App'x 562, 564 (4th Cir. 2005).

The court now turns to plaintiff Daniels' individual action. The allegations in Daniels' complaint are difficult to follow because his allegations are intertwined with his now dismissed co-plaintiffs' allegations. In an effort to clarify the record, the court DIRECTS plaintiff Daniels to file one amended complaint naming the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff further is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Plaintiff is cautioned that amendment of his complaint is limited to his claims arising out of the his incarceration at the Bladen County Detention Center. Plaintiff may not make additional allegations concerning other prisons. Finally, plaintiff

---

[2] The court notes that plaintiff Daniels no longer is incarcerated. However, plaintiff Willis currently is located at the Craven Correctional Institution, and plaintiffs Lewis and Melvin remain located at the Bladen County Detention Center.

is warned that the amended complaint will be considered the complaint in its entirety, and the court will not review plaintiff's other filings to glean any misplaced claims.

For the foregoing reasons, the court rules as follows:

(1) Plaintiffs Willis, Lewis, and Melton are dismissed from this action without prejudice. The Clerk shall mail Willis, Lewis, and Melton a *pro se* packet together with a copy of this order;

(2) The Clerk of Court is DIRECTED to vacate the portion of its December 30, 2013, order directing that monthly payments be made from the trust fund accounts of plaintiffs Willis, Lewis, and Melton. The Clerk further is DIRECTED to refund any portions of the filing fee paid by plaintiffs Willis, Lewis, and Melton. The remaining plaintiff, Daniels, is responsible for the entire three hundred fifty ($350.00) filing fee;

(3) The motions to be added as a member of the class action (DE 13, 14, 15) are DENIED as MOOT;

(4) Plaintiff Melvin's first motion to amend (DE 16) is GRANTED, and his second motion to amend (DE 27) is DENIED as futile;

(5) Plaintiff Daniels has twenty-one (21) days from the date of this order to amend his complaint. Upon submission of this additional information, the frivolity review will be undertaken. Failure to provide the additional

5

information within this time will result in dismissal of the complaint without prejudice.

SO ORDERED, this the 11th day of July, 2014.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge

6

Case 5:13-ct-03286-FL   Document 28   Filed 07/11/14   Page 6 of 6